MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br>v.<br><br>BOBRICK WASHROOM EQUIPMENT, INC. a California corporation,<br><br>Defendant. | CASE NO.: 2:17-CV-07823<br><br>COMPLAINT BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA FOR:<br><br>**(1)** DECLARATORY RELIEF AND MONETARY RECOVERY REGARDING TRAVELERS' RIGHT TO THE PROCEEDS RECOVERED BY INSURED BOBRICK IN THE UNDERLYING ACTION ON ACCOUNT OF MONEY PAID BY TRAVELERS;<br><br>**(2)** EQUITABLE RESTITUTION BASED UPON UNJUST ENRICHMENT;<br><br>**(3)** DECLARATORY RELIEF THAT TRAVELERS IS ENTITLED TO ENFORCE ITS RIGHTS UNDER CALIFORNIA CIVIL CODE § 2860(c) TO ARBITRATE ALL DISPUTES CONCERNING ATTORNEY'S FEES INCURRED BY BOBRICK IN THE UNDERLYING ACTION. |

COMPLAINT BY TRAVELERS FOR DECLARATORY AND MONETARY RELIEF

Plaintiff Travelers Property Casualty Company of America ("Travelers") alleges the following:

## GENERAL ALLEGATIONS

### Overview

1. Travelers insured Bobrick Washroom Equipment, Inc. ("Bobrick"), the defendant in the underlying action, S*cranton Products, Inc. v. Bobrick Washroom Equipment, Inc.,* United States District Court, Middle District of Pennsylvania, Case No. 3:14-CV-00853-RDM (the "Underlying Action" or the "Scranton Lawsuit"). Bobrick tendered it to Travelers and Travelers defended Bobrick, through independent counsel of Bobrick's choosing.

2. Bobrick and its counsel refused, for years, to share information with Travelers about the case, even while they demanded that Travelers pay defense fees and costs exceeding $7 million—**which Travelers has done**.

3. Throughout the entire Underlying Action, Bobrick and its counsel refused to provide Travelers a single written assessment of the case. This was a material breach of Bobrick's obligations under the cooperation clause in its insurance policy and under California Civil Code § 2860(d). By keeping Travelers in the dark, Bobrick: (a) made it impossible for Travelers to meaningfully participate in the defense of the Scranton Lawsuit and (b) made it impossible for Travelers to determine which portion of the attorney's fees and costs were reasonably and necessarily incurred so that Travelers should pay them.

4. Travelers' paid for Bobrick's defense under a complete reservation of rights, including a reservation of the rights to challenge the reasonableness of the fees which Travelers' paid and a reservation of the right to recover fees solely attributable to the defense of uncovered claims.

5. In the third claim for relief here, Travelers seeks to compel Bobrick to arbitrate all issues concerning attorney's fees incurred in the Scranton Lawsuit.

Arbitration is mandated by California Civil Code § 2860(c), but Bobrick refuses to cooperate.

6. Recently, Travelers learned that Bobrick is preparing to settle its dispute with Scranton Products in the Underlying Action under an arrangement in which Scranton Products pays Bobrick $7.5 million and Bobrick releases all of its claims against Scranton Products, including Bobrick's claim for reimbursement of the more than $7 million of attorney's fees *which Travelers paid.* Bobrick has no right to release this claim—it belongs to Travelers—but it is doing it anyway, *and Bobrick plans to keep the money*.

7. In the first and second claims for relief here, Travelers seeks to compel Bobrick to return to Travelers money which Bobrick receives in settlement of the Underlying Action on account of the money that Travelers paid for Bobrick's defense fees and costs.

**The Parties**

8. Plaintiff Travelers is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut. At all material times, Travelers was authorized to transact and was transacting the business of insurance in the State of California and the County of Los Angeles.

9. Defendant Bobrick is a California corporation with its principal place of business in North Hollywood, California.

**Jurisdiction and Venue**

10. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Travelers and Bobrick and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This court has personal jurisdiction over the parties to this action because: (a) Travelers transacts its insurance business in California, with significant and

3
COMPLAINT BY TRAVELERS FOR DECLARATORY AND MONETARY RELIEF

1  continuing contacts in California, (b) this lawsuit arises out of an insurance contract
2  sold by Travelers to Bobrick in California, and (c) Bobrick operates its business
3  continuously in California.
4     12.  Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d)
5  because Travelers and Bobrick have sufficient contacts to be subject to personal
6  jurisdiction within this District and thus are residents of this District under 28 U.S.C.
7  § 1391(d).

**The Travelers Insurance Policy**

13.  Bobrick purchased a primary commercial general liability policy no. Y-630-4790A618-TIL-13 from Travelers in effect from at least June 1, 2013 to June 1, 2014, which provides $1 million in limits to Bobrick for "personal injury" and "advertising injury" (the "Policy") under certain circumstances.  In the Scranton Lawsuit, Bobrick and Travelers agreed that Travelers would provide a defense under California's *Cumis* doctrine and Civil Code § 2860.  In lawsuits in which Travelers is obligated to defend, it is responsible to pay no more than the reasonable fees and costs which are necessarily incurred to defend the lawsuit.  Moreover, under the Supreme Court's holding in *Buss v. Superior Court (Transamerica Ins. Co.)*, 16 Cal. 4th 35 (1997), Travelers is entitled to reimbursement of amounts it pays to defend Bobrick which are solely attributable to uncovered claims; Travelers has reserved this right.

14.  The Policy has a host of definitions, requirements, limitations, conditions, and exclusions, which define and limit the parties' rights and obligations.

15.  In Section IV – Commercial General Liability Conditions, the Policy states:

> **2. Duties in the Even of Occurrence, Offense, Claim or Suit**
>
> . . .
>
> c.  You and any other involved insured must:
>
> . . .

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

These provisions are commonly referred to as the "cooperation clause."

16. In Section IV – Commercial General Liability Conditions, the Policy also states:

**8. Transfer Of Rights Of Recovery Against Others To Us**

*If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.*  At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

(Emphasis added.)

**The California Civil Code**

17. Bobrick and Travelers agreed that the parties' rights and obligations regarding the Scranton Lawsuit would be controlled by California Civil Code § 2860.

18. Civil Code § 2860**(c)** therefore controls several aspects of the parties' relationship.  It states:

(c) When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation,

and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. ***Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.***

Civil Code § 2860(c) (emphasis added).

19. In sum, the parties' disputes "concerning attorney's fees" are subject to mandatory arbitration.

20. California Civil Code § 2860**(d)** states:

(d) When independent counsel has been selected by the insured, ***it shall be the duty of that counsel and the insured to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action. Any claim of privilege asserted is subject to in camera review in the appropriate law and motion department of the superior court. Any information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party.***

(Emphasis added.)

**Bobrick's Breach of the Cooperation Clause**

21.  In connection to the Scranton Lawsuit, Bobrick and its counsel were obligated to "disclose to [Travelers] all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action."  They repeatedly failed to do this.

**Bobrick's Breach of Its Obligation Not to Impair Travelers' Recovery Rights: Bobrick Settles the Scranton Products Lawsuit and Plans to Keep Travelers' Money**

22.  Recently, Bobrick entered into a written settlement agreement with Scranton Products, subject only to Court confirmation, in which Bobrick releases a meritorious and highly valuable claim which it has against Scranton Products for the recovery of approximately $7 million in attorney's fees which Travelers, not Bobrick, paid.  Bobrick has done nothing to protect Travelers right to recover that money from Scranton Products.  To the contrary, Bobrick is releasing that right, to Travelers detriment, it is cashing in that right in a $7.5 million settlement, and it is refusing to acknowledge that Travelers is entitled to the money. Apparently it plans to keep everything.

**FIRST CLAIM FOR DECLARATORY RELIEF**
**AND MONETARY RECOVERY REGARDING TRAVELERS'**
**RIGHT TO THE PROCEEDS RECOVERED BY**
**INSURED BOBRICK IN THE UNDERLYING ACTION**
**ON ACCOUNT OF MONEY PAID BY TRAVELERS**
**(Against Bobrick Washroom Equipment, Inc.)**

23.  Travelers incorporates paragraphs 1 through 22 above as if set forth in full here.

24.  Under the circumstances of the Scranton Lawsuit, Bobrick was entitled to

an award of attorney's fees from Scranton Products.  This claim was meritorious and highly valuable.

25.  By paying millions of dollars in attorney's fees for Bobrick's defense, this right belonged to Travelers, to the extent of its payments.  Travelers' right arises by operation of law and under Section IV(8) of the Commercial General Liability Conditions which states:

> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.

26.  Bobrick's commitment to the settlement with Scranton Products in which Bobrick receives $7.5 million and releases its claims against Scranton Products, including its claim to recover the attorney's fees and costs incurred in the defense of the Scranton Lawsuit, was a breach of Section IV(8).

27.  In this action, Travelers seeks:

> **(a)** a declaration that Travelers is entitled to recover from Bobrick all money Bobrick receives in the Scranton Product settlement, except any which exceeds the amount that Travelers has spent (or will spend) to defend Bobrick; alternatively, if any of the settlement money is attributable to something else, then Travelers is entitled to that portion of the settlement money which is reasonably attributable to the recovery of the money that Travelers has spent (or will spend) to defend Bobrick; and
>
> **(b)** a monetary award against Bobrick consistent with the Court's declaration.

28.  Travelers is informed and believes that Bobrick contends that Travelers is

not entitled to any of settlement proceeds from the Scranton Products settlement.

29. Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter because Travelers has no other plain, speedy, and/or adequate remedy at law.

30. For the reasons stated above, Travelers requests that the Court enter an order and judgment consistent with Travelers' requests.

## SECOND CLAIM FOR EQUITABLE RESTITUTION
## BASED UPON UNJUST ENRICHMENT
### (Against Bobrick Washroom Equipment, Inc.)

31. Travelers incorporates paragraphs 1 through 22 and 24 through 30 above as if set forth in full here.

32. Nearly all of the $7.5 million settlement payment which Scranton Products is paying Bobrick in settlement of the Underlying Action is being paid in exchange for a release of Bobrick's right to recover the more than $7 million in attorney's fees and costs which Travelers, not Bobrick, paid to defend Bobrick in the Underlying Action.

33. Thus, Bobrick would be unjustly enriched if it were allowed to keep the Scranton Products settlement money, rather than turning it over to Travelers.

33. In equity, Travelers is entitled to recover from Bobrick all of the money Bobrick receives in the Scranton Product settlement, except any which exceeds the amount that Travelers has spent (or will still spend) to defend Bobrick.

34. Alternatively, if any of the settlement money is attributable to something else, then Travelers is entitled to recover that portion of the settlement money which is reasonably attributable to the recovery of defense fees and costs that Travelers has spent (or will still spend) to defend Bobrick.

# THIRD CLAIM FOR DECLARATORY RELIEF
# THAT TRAVELERS IS ENTITLED TO ENFORCE ITS
# RIGHTS UNDER CALIFORNIA CIVIL CODE § 2860(c)
# TO ARBITRATE ALL DISPUTES CONCERNING ATTORNEY'S
# FEES INCURRED BY BOBRICK IN THE UNDERLYING ACTION
### (Against Bobrick Washroom Equipment, Inc.)

35. Travelers incorporates paragraphs 1 through 22 above as if set forth in full here.

36. Travelers has paid more than $7 million to defend Bobrick in the Underlying Action, even while Bobrick failed and refused to meet its obligations to provide adequate information to justify Travelers paying those defense fees and cost, including by refusing to provide any written status reports which would allow one to assess the reasonableness and necessity of the extraordinary expenditure of resources spent defending this lawsuit.

37. Travelers contends that:

(a) some of the amounts that Travelers has paid toward Bobrick's defense in the Underlying Action were not reasonable and necessary to the defense;

(b) some of the amounts that Travelers has paid toward Bobrick's defense in the Underlying Action were solely attributable to defense of uncovered claims and, thus, not Travelers' responsibility;

(c) some of the amounts that Travelers has paid in the "defense" of the Underlying Action were solely attributable to the prosecution of Bobrick's counter-claim, unrelated to defense attorney's fees and, thus, not Travelers' responsibility; and

(d) under California Civil Code § 2860(c), which provides that "Any dispute concerning attorney's fees not resolved by these methods shall be resolved by

final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute," Bobrick is obligated to arbitrate all of its disputes with Travelers concerning attorney's fees incurred in Bobrick's defense in the Scranton Lawsuit.

38. Travelers is informed and believes that Bobrick contends to the contrary as to each of these points.

39. Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter because Travelers has no other plain, speedy, and/or adequate remedy at law.

40. For the reasons stated above, Travelers requests that the Court enter an order and judgment compelling Bobrick to cooperate in arbitrating all of its disputes with Travelers concerning attorney's fees incurred in Bobrick's defense in the Scranton Lawsuit.

## PRAYER

WHEREFORE, plaintiff Travelers prays for an order and declaratory and monetary judgment against Bobrick as follows:

**First Claim For Declaratory Relief And Monetary Recovery Regarding Travelers' Right To The Proceeds Recovered By Insured Bobrick In The Underlying Action On Account Of Money Paid By Travelers**

1. For a declaration that Travelers is entitled to recover from Bobrick the money Bobrick receives in the Scranton Product settlement, except any which exceeds the amount that Travelers has spent (or will spend) to defend Bobrick;

2. Alternatively, if any of the settlement money is attributable to something else, then Travelers is entitled to that portion of the settlement sum which is reasonably attributable to the recovery of the money that Travelers has spent (or will spend) to defend Bobrick;

3. For a monetary award consistent with the Court's declaration;

**Second Claim For Equitable Restitution Based Upon Unjust Enrichment**

4. For an award of all of the money Bobrick receives in the Scranton Product settlement, except any which exceeds the amount that Travelers has spent (or will still spend) to defend Bobrick;

5. Alternatively, if any of the settlement money is attributable to something else, then an award of that portion of the settlement money which is reasonably attributable to the recovery of the money that Travelers has spent (or will still spend) to defend Bobrick;

**Third Claim For Declaratory Relief: Declaratory Relief That Travelers Is Entitled To Enforce Its Rights Under California Civil Code § 2860(c) To Arbitrate All Disputes Concerning Attorney's Fees Incurred By Bobrick In The Underlying Action**

6. For an order and judgment pursuant to California Civil Code § 2860(c), compelling Bobrick to cooperate in arbitrating all of its disputes with Travelers concerning attorney's fees incurred in Bobrick's defense in the Scranton Lawsuit;

**All Claims**

7. For costs of suit;

8. For all other relief which the Court finds just and proper.

Dated: October 25, 2017

Respectfully submitted,

　/s/ Mark D. Peterson　  
MARK D. PETERSON  
Of CATES PETERSON LLP  
Attorneys for Defendant and Counter-Claimant  
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

COMPLAINT BY TRAVELERS FOR DECLARATORY AND MONETARY RELIEF