UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-94 |
| v. | : (JUDGE MANNION) |
| BOBRICK WASHROOM EQUIPMENT, INC., | : |
| Defendants | : |

## MEMORANDUM

Pending before the court is the defendant's appeal of a discovery order entered by former United States Magistrate Judge Karoline Mehalchick.[1] (Doc. 143). Upon review, the defendant's appeal will be **DENIED** and the decision of Judge Mehalchick will be **AFFIRMED**.

By way of relevant background, in an underlying action[2], Scranton Products, Inc. ("Scranton"), brought suit against the defendant in this case, Bobrick Washroom Equipment, Inc. ("Bobrick"), alleging violations of the

---

[1] Judge Mehalchick began active service as a United States District Judge on February 5, 2024.

[2] *Scranton Products, Inc. v. Bobrick Washroom Equipment, Inc.*, United States District Court, Middle District of Pennsylvania, Civil Action No. 3:14-853-RDM.

Lanham Act, 15 U.S.C. §1117, as well as various state laws. In turn, Bobrick brought counterclaims against Scranton also claiming violations of the Lanham Act and various state laws. After Bobrick asserted its counterclaims, Scranton moved to voluntarily dismiss its claims against Bobrick with prejudice. As a result of the voluntarily dismissal by Scranton, the court allowed Bobrick to pursue claims for attorneys' fees under the Lanham Act as a prevailing party. Bobrick ultimately settled its counterclaims with Scranton for $7.5 million along with non-economic terms.

Travelers Property Casualty Company of America ("Travelers"), the plaintiff here, was Bobrick's insurer. In the course of the underlying action, Travelers paid Bobrick approximately $7.3 million in counsel fees and costs to defend against the lawsuit filed by Scranton. The insurance policy issued by Travelers to Bobrick provides that any rights held by Bobrick to recover payments made by Travelers under the policy were transferred to Travelers, and that Bobrick was obligated to refrain from any action that could impair Travelers' recovery rights. The settlement of the underlying action between Bobrick and Scranton was negotiated without Travelers' knowledge or consent. After Bobrick settled its counterclaims with Scranton, Travelers demanded under the terms of the policy that Bobrick reimburse it for the defense costs Bobrick received from Scranton as a result of the settlement.

Bobrick refused contending that the amount Travelers paid was less than half of the defense costs incurred.

In this action, which was originally filed in the Central District of California and later transferred here to the Middle District of Pennsylvania, Travelers is now seeking reimbursement of the monies it paid Bobrick for counsel fees and costs in the course of the underlying action. In doing so, among other things, Travelers sought to obtain discovery related to the settlement of the underlying action and the nature, type and amount of damages Bobrick obtained. The requested discovery included communications exchanged between Bobrick and Scranton leading up to the settlement. Specifically, Travelers requested Bobrick:

> Provide a copy of all documents which describe, comment on, or document communications between Bobrick or its representatives, on the one hand, and Scranton Products or its representatives, on the other hand, regarding settlement of the Underlying Action, including all communications which led to the ultimate settlement.

(Doc. 146, Ex. C at Document Request 11). Bobrick opposed Traveler's requests for discovery related to the settlement discussions.

The matter was referred to Judge Mehalchick for purposes of resolving the parties' discovery disputes. After oral argument, Judge Mehalchick entered a memorandum and order which after thorough consideration found, in relevant part:

> . . . the settlement negotiations between Bobrick and [Scranton] are not precluded under Rule 408 of the Federal Rules of Evidence as long as they are used for the purpose of determining whether and how funds were apportioned.

(Doc. 134, p. 20). Having so found, Judge Mehalchick ordered that Traveler's motion to compel be granted as to Document Request 11, except to the extent that Travelers sought protected attorney work product or documents protected by the attorney-client privilege. (Doc. 135).

Bobrick has filed the instant appeal challenging only that portion of Judge Mehalchick's memorandum and order compelling it to produce to Travelers its settlement negotiations with Scranton in the underlying action, i.e., the information in Document Request 11. Bobrick argues that Judge Mehalchick erred as a matter of law in compelling it to produce the settlement negotiation materials because requiring such production goes against the policy behind Rule 408 of the Federal Rules of Evidence.

When a United States Magistrate Judge decides a non-dispositive motion, the district court sitting on appeal may only reverse the judge's decision if the ruling is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); see Fed. R. Civ. P. 72(a) (reiterating the statutory standard); M.D. Pa. L. R. 72.2 (same). A ruling is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *PA Prison Soc. v. Cortes*, 622 F.3d 215, 231

- 4 -

- 5 -

(3d Cir. 2010) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). This means the court must accept the judge's factual determination unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data[.]" *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)). A finding is contrary to law if the magistrate judge misinterpreted or misapplied applicable law. *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015).

Findings supported by the record are not clearly erroneous, even if the record could support a different conclusion. *Anderson*, 470 U.S. at 573-74 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Along the same lines, the court is not entitled to reverse Judge Mehalchick's order simply because it would have decided the case differently. *PA Prison Soc.*, 622 F.3d at 231 (citing *Anderson*, 470 U.S. at 573). Judge Mehalchick's ruling, then, is accorded significant deference. Since the defendant filed this appeal, "[it] must clear a high hurdle to compel this court to overturn a magistrate judge's decision of a non-dispositive pretrial matter." *Nothstein v. USA Cycling*, 337 F.R.D. 375, 384 (E.D. Pa. 2020).

Acknowledging that the Third Circuit has not addressed Rule 408's application to matters of discovery, Bobrick argues that, in order to promote Rule 408's policy of encouraging settlements, settlement communications are generally immune from discovery. Bobrick argues that Judge Mehalchick erred as a matter of law in allowing Travelers to obtain discovery related to the settlement negotiations between it and Scranton leading up to the settlement agreement in the underlaying case. (Doc. 143-1, pp. 8-15).

The issue here is whether Travelers is entitled to discovery of the settlement communications between Bobrick and Scranton in order to determine whether there was any discussion of allocation of the settlement funds to attorney's fees. By its terms, Rule 408 limits the *admissibility* of evidence, not its *discoverability*. Rule 408 of the Federal Rules of Evidence, **Compromise Offers and Negotiations**, provides:

> (a) **Prohibited Uses.** Evidence of the following is not *admissible*--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to

> a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) **Exceptions**. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis added).

It is Federal Rule of Civil Procedure 26(b)(1) which would determine whether settlement negotiations are discoverable. This rule provides, in relevant part:

> (b) **Discovery Scope and Limits**.
>
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). Thus, "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed.R.Civ.P. 26(b)(1) advisory committee note to 2015 amendment. In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Schiavone v. Luzerne Cnty.*, 343 F.R.D.

-7-

34, 37 (M.D. Pa. 2023) (quoting *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)).

Here, the settlement negotiations at issue are discoverable under Fed.R.Civ.P. 26(b)(1). To this extent, they are not privileged because there is no federal privilege with respect to settlement negotiations. *Jacoby Donner, P.C. v. Aristone Realty Cap., LLC*, 2018 WL 4328253, at *2 (E.D. Pa. May 30, 2018) (citing, *inter alia*, *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (there is no federal privilege preventing the discovery of settlement agreements and related documents)). *See also In re MSTG, Inc.*, 675 F.3d 1337, 1344 (Fed.Cir. 2012) (declining to adopt a settlement privilege).

Moreover, the materials sought by Travelers are relevant. As discussed by Judge Mehalchick, "[t]he information sought is relevant because it has a tendency to make a consequential fact more or less probable. *See In re Schaefer*, 331 F.R.D. 603, 607 (W.D. Pa. 2019). To this extent, there is no dispute that Travelers paid Bobrick $7.3 million to defend Bobrick in the underlying action pursuant to an insurance policy Travelers issued to Bobrick. It is further undisputed that the policy provides that any rights held by Bobrick to recover payments made by Travelers under the policy were transferred to Travelers, and that Bobrick was obligated to refrain

from any action that could impair Travelers' recovery rights. In the underlying action, Bobrick asserted counterclaims against Scranton which sought reimbursement of its counsel fees. Bobrick then settled its claims with Scranton for $7.5 million. The information which Travelers seeks relates to discussions of how that settlement amount was to be apportioned and is relevant to whether Travelers is entitled to obtain any portion of the settlement amount recovered by Bobrick.

The court must then consider whether the information sought by Travelers is proportional to the needs of the case. When considering proportionality under Fed.R.Civ.P. 26(b)(1) of a request to discover materials covered by Fed.R.Evid. 408, it has been found that "the closer the discovery's purpose is to offering the evidence in a manner that would be barred by Rule 408, the more likely courts are to find that materials nondiscoverable." *Washtenaw County Employees' Retirement System v. Walgreen Co.*, 2019 WL 6108220, *7 (N.D. Ill. Nov. 15, 2019) (collecting cases). Further, where a party seeks to obtain discovery relating to settlement negotiations there has been found the need for a "heightened" or "particularized" showing of relevance which must be made. *See Kang v. Haggerty & Fetbroyt, LLC*, 2018 WL 4328251 (E.D.Pa. July 31, 2018) (citing *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175 (E.D.Pa. 1995); *Fid. Fed. Sav.*

& *Loan Ass'n v. Felicetti*, 148 F.R.D. 532 (E.D.Pa. 1993). There is, however, no bright line rule as to what that showing entails. *Id.* (citing *Spear v. Fenkell*, 2015 WL 3947559 (E.D.Pa. June 26, 2015)).

As set forth above, Rule 408 bars evidence used to (1) "either to prove or disprove the validity or amount of a disputed claim" or (2) "impeach by a prior inconsistent statement or a contradiction." Fed.R.Evid. 408. Bobrick argues that Travelers' discovery request falls under the first category in that Travelers is seeking the discovery to establish the validity of its claims here. However, as discussed by Judge Mehalchick, the relevant focus is on the claims which were the subject of the settlement negotiations. *See Spence v. Foxx*, 159 F.Supp.3d 483, 501 n.9 (D.N.J. 2014) ("However, statements made during settlement negotiations are admissible 'when offered for another purpose,' Fed.R.Evid. 408(b), such as to establish 'an independent violation . . . unrelated to the underlying claim which was the subject of the correspondence.'") (citation omitted). *See also B&B Investment Club v. Kleinert's Inc.*, 472 F.Supp. 787 (E.D.Pa. 1979) (finding Rule 408 excludes evidence of a compromise only on the issue of the amount or validity of the claim which is the subject of the compromise).

Here, the discovery sought by Travelers is not for the purpose of establishing the validity or invalidity of the underlying conduct which was the

- 10 -

basis of the settlement negotiations, i.e., that Bobrick or Scranton deceptively advertised or committed other conduct that could have been disclosed in the underlying settlement negotiations. Instead, Travelers is seeking discovery related to whether the settlement discussions apportioned any proceeds to attorneys' fees. Thus, as found by Judge Mehalchick, the discovery is not being used to determine the underlying conduct of the parties, but simply to determine the terms of the parties' agreement. Because Travelers does not seek the discovery for a purpose prohibited by Rule 408, the court finds that the production of such information is not disproportionate to the needs of the case. See *Kang Haggarty & Fetbroyt, LLC v. Hayes*, *supra*, at *1 n.1 (E.D.Pa. July 31, 2018) (allowing, as proportional, discovery of a settlement agreement disclosing contingency fees owed to plaintiffs by defendants from defendants' settlement recovery in a separate case, in order to determine what contingency fee was owed to plaintiffs, but applying a "'heightened' or 'particularized' showing of relevance" because of the "strong public policy encouraging settlements under Rule 408).

While Bobrick argues that Judge Mehalchick failed to require Travelers to make a particularized showing that the settlement discussions are relevant to a proper evidentiary purpose, Travelers argues that the settlement communications between Bobrick and Scranton are necessary in order to

determine the apportionment of attorneys' fees which it is entitled to collect under its policy with Bobrick. On the record, the settlement between Bobrick and Scranton was negotiated without the knowledge or consent of Travelers. Travelers has no other means by which to obtain this information and without this information it cannot determine what, if any, monies it is owed from the settlement proceeds received by Bobrick. While the court makes no finding as to the merit of Travelers' substantive claims in this matter, Travelers has made a particularized need to discover, if possible, how the settlement proceeds were to be apportioned.

In light of the above and upon review of Judge Mehalchick's decision, there is no indication that Judge Mehalchick misinterpreted or misapplied applicable law. In fact, her findings and conclusions are in line with the dictates of Fed.R.Civ.P. 26(b)(1) and Fed.R.Evid. 408. As such, her findings are not contrary to the law. The defendant's appeal **(Doc. 143)** will be denied and Judge Mehalchick's order allowing the discovery of the settlement negotiations between Bobrick and Scranton as not being precluded under

...

Fed.R.Evid. 408 as long as they are used for the purpose of determining whether and how funds were apportioned **(Doc. 135)** will be affirmed. An appropriate order follows.

*/s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 23, 2024**
18-94-05