UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBRICK WASHROOM EQUIPMENT, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:18-cv-00094<br><br>(SAPORITO, J.) |

## MEMORANDUM

On October 25, 2017, Travelers Property Casualty Company of America ("Travelers") filed this action against Bobrick Washroom Equipment, Inc. ("Bobrick") in the U.S. District Court for the Central District of California seeking to recoup approximately $7,300,000 in counsel fees and costs associated with *Scranton Products, Inc. v. Bobrick Washroom Equipment Inc.*, No. 3:14-CV-00853 (M.D. Pa.) (the "underlying action"). (Doc. 1). On September 27, 2018, in response to a document request from Bobrick, Travelers inadvertently disclosed alleged privileged materials. Since that inadvertent disclosure in 2018, this case has yet to be fully litigated on its merits. The parties have

extensively litigated the issue of whether those inadvertently disclosed documents should be returned back to Travelers or if Travelers waived privilege of those documents.

I. Background

"When deciding whether inadvertently produced documents should be returned a two-step analysis must be done." *Peterson v. Bernardi*, 262 F.R.D. 424, 427 (D.N.J. 2009). "First, it must be determined if the documents in question are privileged." *Id.* "Second, if privileged documents were inadvertently produced then the three elements of FRE 502(b) must be satisfied[.]" *Id.* On November 6, 2025, we scheduled an evidentiary hearing concerning the second step in the two-step analysis to determine the issue of whether Travelers waived its privilege through the inadvertent disclosure of documents under Rule 502(b) of the Federal Rules of Evidence. That hearing was conducted over a period of two days on November 6, 2025, and November 18, 2025. On January 14, 2026, we issued our finding that Travelers did not waive attorney-client privilege and work-product protection through its inadvertent disclosure under Rule 502(b). (Doc. 248). Now before the Court is a motion concerning the first step in that two-step analysis. Bobrick has filed a motion for *in*

*camera* review seeking to review documents concerning that inadvertent disclosure. (Doc. 203). Bobrick contests Travelers's contention that those documents are privileged. The motion has been briefed by both parties (Doc. 204; Doc. 206; Doc. 207) and the matter is ripe for review.

## II.  Discussion

"[T]he decision to conduct an in camera review generally lies within the discretion of the court." *Logue v. Rand Corp.*, 610 F. Supp. 3d 399, 401 (D. Mass. 2022); *see also Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996) ("[D]istrict court judges [are given] broad discretion in determining whether in camera review is appropriate.") (citing *Center for Auto Safety v. Environmental Protection Agency*, 731 F.2d 16, 20 (D.C. Cir. 1984)). "*In camera* review is not appropriate merely because a party requests the district court undertake the endeavor." *Anheuser-Busch, Inc. v. A-B Distributors, Inc.*, No. 95-241-CIV-J-20, 1996 WL 34718746, at *1 (M.D. Fla. Mar. 28, 1996) (citing *United States v. Zolin*, 491 U.S. 554, 571 (1989)). To justify an *in camera* review, a party must demonstrate "a factual basis adequate to support a good faith belief by a reasonable person" that *in camera* review will reveal improperly held documents. *In re Grand Jury Subpoena*, 745 F.3d 681, 688 (3d Cir. 2014)

(citing *Zolin*, 491 U.S. at 572). "Where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its own discretion and determine whether in camera review is appropriate under the circumstances presented." *Anheuser-Busch, Inc.*, 1996 WL 34718746, at *1 (citing *Zolin*, 491 U.S. at 571–72.) Nonetheless, *in camera* review is generally disfavored. *Nationwide Payment Sols., LLC v. Plunkett*, 831 F. Supp. 2d 337, 338 (D. Me. 2011); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994) ("In camera review is generally disfavored.").

Here, we find that Bobrick has failed to establish a reasonable factual basis that justifies or necessitates an *in-camera* review of Travelers's communications with its counsel. First, and most importantly, Bobrick requested an *in camera* review of those communications because "[w]ithout inquiry into litigation counsel's 'reasonable steps' to prevent the inadvertent production, the Court cannot determine whether Travelers can meet its evidentiary burden of proving that, notwithstanding its production of privileged documents, the production did not constitute a waiver." (Doc. 207, at 5). However, we have since found that Travelers took reasonable steps to protect the inadvertent

disclosure and therefore, it did not waive attorney-client privilege and work-product protection. Thus, Bobrick's primary contention is deemed moot. Second, we note that Bobrick's belief that an *in camera* review of the documents will reveal non-privileged documents is speculative and does not substitute as a factual basis to support its belief. *See, e.g.,* (Doc. 204, at 5–6) (suggesting that it "believes many of [Travelers's attorneys] were working in a non-legal capacity" without adequate factual support); (*Id.*, at 6–7) (speculating that communications "suggest [that] … conversations were not for the purpose of providing legal advice to Travelers" without factual support). Therefore, we find that an *in camera* review of Travelers's documents is not appropriate under the circumstances and Bobrick's instant motion will be denied.

In light of our ruling, we must also reiterate the unique circumstances concerning the inadvertent disclosure issue in this case. The parties have litigated this issue for approximately eight years. It has involved seven judges from two different district courts and survived a transfer from the U.S. District Court for the Central District of California to this Court. Indeed, it may be the most litigated inadvertent disclosure issue this district court has ever encountered. Therefore, based on these

circumstances, we believe it is time that both parties are presented the opportunity to fully litigate this case on its merits.

### III. Conclusion

For the foregoing reasons, Bobrick's motion for *in camera* review seeking to review documents concerning that inadvertent disclosure is denied.

An appropriate order follows.

Dated: January 20, 2026     *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge